UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMANDA JEAN JOHNSON,

Plaintiff,

Case No. 2:25-cv-772-KCD-NPM

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant,
_________________________________/

**ORDER**

Petitioner Amanda Jean Johnson filed a petition seeking social security benefits. The administrative process ran its usual course: an Administrative Law Judge ("ALJ") held a hearing, evaluated the evidence, and ultimately concluded that Johnson was not disabled under the Social Security Act. She appealed that decision to this Court, and Magistrate Judge Nicholas P. Mizell issued a Report and Recommendation ("R&R") finding no reversible error. (Doc. 19.)[1]

Johnson now objects to the R&R on two fronts. First, she claims the ALJ failed to adequately capture her moderate limitations in concentration, persistence, or pace when formulating her residual functional capacity. (Doc.

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

20 at 1.) Second, she argues the ALJ erred by dismissing her bilateral carpal tunnel syndrome as a non-severe impairment. (*Id.* at 3.)

When reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party makes specific objections, the district court engages in a de novo review of the issues raised. *Id.*

The rules for reviewing an ALJ's decision are well settled. We do not decide the facts anew or reweigh the evidence. Instead, a reviewing court must look only to see whether the ALJ applied the correct legal standards and whether "substantial evidence" supports the decision. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence is not a high bar. It means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103. Both of Johnson's objections fail to overcome this deferential standard.

First, Johnson claims the ALJ failed to properly translate her moderate limitations in "concentration, persistence, or maintaining pace" into her residual functional capacity ("RFC"). (Doc. 20 at 1-2.) She says that merely limiting her to "simple routine tasks," as the ALJ did here, is insufficient. (*Id.* at 3.)

As Judge Mizell rightly pointed out, however, the ALJ did not just drop a "simple, routine tasks" limitation into the RFC and call it a day. She built a customized RFC designed to minimize workplace distractions, mandating that Johnson have no in person contact with the public and only occasional contact with coworkers and supervisors. (Doc. 19 at 10.) The ALJ then tethered these restrictions to an evidentiary foundation, noting Johnson's routinely normal attention and concentration exams, her ability to drive frequently, and her independent management of her daily life and finances. Judge Mizell correctly concluded that the ALJ built a logical bridge between the medical evidence and the RFC. There is no error here.

Johnson next complains that the ALJ dismissed her bilateral carpal tunnel syndrome as a "non-severe" impairment. (Doc. 20 at 3.) She points to a few positive clinical signs in the record to argue her wrist issues are, in fact, severe. (*Id.* at 4.) But this is just asking the Court to reweigh the evidence. Although Johnson protests she is doing no such thing, her argument is exactly that: a demand that we look at the competing medical records and reach a different conclusion than the agency. That is a non-starter. "We may not decide the facts anew, make credibility determinations, or reweigh the evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127, 1132 (11th Cir. 2021). The ALJ weighed Johnson's positive clinical tests against her normal x-rays, full grip strength, and conservative cortisone treatments

before concluding the impairment was non-severe. (Doc. 19 at 15-16.) Because substantial evidence supports that choice, our inquiry ends there.

After an independent review, the Court finds no error in Judge Mizell's R&R. Accordingly, it is now **ORDERED**:

1. The Report and Recommendation (Doc. 19) is **ACCEPTED and ADOPTED** and the findings incorporated herein.
2. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).
3. The clerk is directed to enter judgment in the Commissioner's favor, terminate all scheduled events, and close the case.

**ENTERED** in Fort Myers, Florida on September 8, 2026.

Kyle C. Dudek
United States District Judge